PER CURIAM.
This disciplinary proceeding by The Florida Bar against Herbert M. Brown, a member of The Florida Bar is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.-06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
The Complaint of the Bar contained the following allegations:
1. The Respondent, Herbert M. Brown is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
3. On April 9, 1975, Respondent was charged by information filed in the Circuit Court for the Sixth Judicial Circuit of Florida, in and for Pinellas County, with the crime of accepting unauthorized compensation.
4. Said crime is a felony under the laws of the State of Florida.
5. On or about September 8, 1975, Respondent entered a plea of nolo conten-dere to the above charge.
6. On December 29, 1975, Respondent was adjudicated guilty as charged and sentenced to the custody of the Division of Corrections.
The Referee found that by reason of the foregoing, Respondent has violated Rule 11.02(2), (3)(a), (b) of the Integration Rule and Disciplinary Rules 1-102(A)(3), (4); 8— 101(A)(2), (3); and 9-101(B), (C) of the Code of Professional Responsibility and recommends the following discipline: suspension for a period of two (2) years and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(3) and that said two (2) years suspension should commence from the date of completion of service of his confinement sentence.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Costs in the amount of $111.00 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG, ALDERMAN and MCDONALD, JJ., concur.
*MCCLVII ADKINS and BOYD, JJ., would approve the findings and recommendations of the referee but without the necessity of proof of rehabilitation.