PER CURIAM.
Herbert M. Brown, having previously been suspended from the practice of law by this Court,[1] has filed a petition for reinstatement. A duly appointed referee heard testimony presented on the petition and recommended that petitioner be reinstated upon his satisfactory passage of The Florida Bar examination. This recommendation was apparently based on the referee’s concern about the legal aptitude of the petitioner after a prolonged absence from practice.[2] In effect he felt academic rehabilitation had not been shown.
Mr. Brown filed a petition for review of the referee’s report but not within thirty days from the filing of the report as contemplated by Integration Rule 11.09(3)(a). Although the Court may, in its discretion, consider a late-filed petition upon a showing of good cause, we fail to find that good cause exists in this case. We therefore adopt the recommendations of the referee and hold that, in order for the petition for reinstatement to be granted, the petitioner must satisfactorily pass all three parts of the bar examination.
It is so ordered.
*810 SUNDBERG, C. J., and OVERTON, ALDERMAN, and McDONALD JJ., concur.
BOYD, J., concurring in part and dissenting in part with an opinion with which ADKINS and ENGLAND, JJ., concur.

. The Florida Bar v. Brown, 377 So.2d 1176 (Fla.1979).

. Although the final decision suspending the petitioner was rendered in December, 1979, petitioner has been suspended since January, 1976.